NZM Retirement Plan v Adoni (2018 NY Slip Op 04435)





NZM Retirement Plan v Adoni


2018 NY Slip Op 04435


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6882 157013/15

[*1]NZM Retirement Plan, Plaintiff-Appellant,
v
Jacob Adoni, Defendant-Respondent.


David H. Singer & Associates, LLP, New York (Christopher S. McCann of counsel), for appellant.
Gary J. Wachtel, New York, for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about May 11, 2017, which, to the extent appealed from as limited by the briefs, after a nonjury trial, awarded plaintiff the sum of $107,000 plus prejudgment interest at the statutory rate from January 7, 2015 to date against defendant, unanimously affirmed, with costs.
This action seeks to enforce a $300,000 promissory note entered into between family members. In June 2004, defendant asked his uncle Moshe Mousserie for a loan. Mousserie asked his two other nephews, Zvi Mosery and Nathaniel Mosery, the owners of plaintiff NZM Retirement Plan, to extend defendant the loan.
It is undisputed that defendant received a check for $270,000, and that he paid one year of interest ($30,000) in advance. After defendant signed the promissory note, Mousserie assigned the loan to plaintiff.
Supreme Court did not improvidently exercise its discretion in determining that prejudgment interest would be calculated from Mousserie's January 7, 2015 admission that he received $193,000 from defendant as payment towards the loan and/or the interest as of that date and awarding plaintiff $107,00 for the remainder of the loan (see CPLR 5004; NML Capital v Republic of Argentina, 17 NY3d 250, 261 [2011]). It is undisputed that Mousserie was the person plaintiff designated to receive payments towards the loan it had with defendant and that the promissory note in evidence is silent as to the rate of interest that would apply beyond the date of maturity.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK